```
         IN THE UNITED STATES DISTRICT COURT FOR THE
         NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ELIZABETH AWALT, as Administrator  )
of the ESTATE OF ROBERT AWALT,     )
                                   )
          Plaintiff,               )
                                   )
TERRY MARKETTI, individually and   )   No. 11 CV 6142
in his official capacity as SHERIFF)
OF GRUNDY COUNTY, COUNTY OF GRUNDY,)
DUANE MCCOMAS, CORRECTIONAL        )
OFFICERS MELANIE VAN CLEAVE,       )
PATRICK SEALOCK, MATTHEW WALKER,   )
UNKNOWN GRUNDY COUNTY CORRECTIONAL )
OFFICERS, and UNKNOWN MEDICAL      )
PERSONNEL, in their individual and )
official capacities,               )   JURY TRIAL DEMANDED
                                   )
          Defendants.              )
```

**COMPLAINT**

Now comes Plaintiff, ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, by and through her attorneys, LOEVY & LOEVY, and complaining of Defendants, TERRY MARKETTI, individually and in his official capacity as SHERIFF OF GRUNDY COUNTY, COUNTY OF GRUNDY, DUANE MCCOMAS, CORRECTIONAL OFFICERS MELANIE VAN CLEAVE, PATRICK SEALOCK, MATTHEW WALKER, UNKNOWN GRUNDY COUNTY CORRECTIONAL OFFICERS, and UNKNOWN MEDICAL PERSONNEL (collectively, "Defendant Officers"), in their individual and official capacities, states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Robert Awalt's rights as secured by the United States Constitution.

2. On or about September 19, 2010, Robert Awalt died in the custody of the Grundy County Jail in Morris, Illinois. For several hours prior to his death, he cried out for medical assistance. Even though they knew he needed help, Defendant Officers ignored his pleas and refused to help him. Instead, Defendant Officers allowed Mr. Awalt to suffer and die alone in his cell.

**Jurisdiction and Venue**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

**The Parties**

5. Robert Awalt, deceased, was a forty-seven year-old resident of Morris, Illinois. Mr. Awalt was the husband of Plaintiff Elizabeth Awalt, who is the duly-appointed Administrator of his estate.

6. At the time of the events at issue in this case, Mr. Awalt was incarcerated at the Grundy County Jail in Morris, Illinois.

7. The Grundy County Jail is operated by the Grundy County Sheriff, Defendant Terry Marketti.

8. On or about September 19, 2010, and at all times relevant to the events at issue in this case, Defendant Marketti was employed by the Grundy County Sheriff's Department in the capacity of Sheriff. As such, Defendant Marketti was acting under color of law.

9. At all times relevant to the events at issue in this case, Defendant Marketti promulgated rules, regulations, policies, and procedures as Sheriff of Grundy County for the provision of certain medical care by medical personnel and correctional officers, including administration of medication, to detainees at the Grundy County Jail. Defendant Marketti's policies were implemented by and through Jail employees including the individual Defendants, who were responsible for the medical care of detainees at Grundy County Jail.

10. At all times relevant to the events at issue in this case, Defendant Marketti promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to

3

communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Marketti's policies were implemented by and through Jail employees including the individual Defendants, who were responsible for the medical care of detainees at Grundy County Jail.

 11. At all times relevant to the events at issue in this case, Defendant Marketti, as Sheriff of Grundy County, was the final policymaker for the Grundy County Sheriff's Department and the Grundy County Jail.

 12. On or about September 19, 2010, and at all times relevant to the events at issue in this case, Defendant Duane McComas was employed by the Grundy County Sheriff's Department as the Superintendent of the Grundy County Jail. As such, Defendant McComas was acting under color of law.

 13. On or about September 19, 2010, and at all times relevant to the events at issue in this case, Defendants Melanie Van Cleave, Patrick Sealock, Matthew Walker, and Unknown Correctional Officers were employed by the Grundy County Sheriff's Department and worked at the Grundy County Jail as correctional officers. As such, these Defendants were acting under color of law.

14. On or about September 19, 2010, and at all times relevant to the events at issue in this case, Unknown Medical Personnel were employees of the Grundy County Sheriff's Department and worked at Grundy County Jail. As such, these Defendants were acting under color of law.

**Background**

15. On or about September 15, 2010, Mr. Awalt was arrested. Mr. Awalt was taken by the Morris police to the Grundy County Jail.

16. At all times relevant to the events at issue in this case, Robert Awalt suffered from epilepsy, an objectively serious medical condition, and he required seizure medication to control his seizures.

17. Mr. Awalt did not have any of his seizure medication, Dilantin, with him at the time of his arrest.

**Notice of a Serious Medical Need**

18. The evening that Mr. Awalt was arrested, Plaintiff Elizabeth Awalt, Mr. Awalt's wife, spoke by telephone to Defendant McComas at the Grundy County Jail.

19. Plaintiff told Defendant McComas that her husband had epilepsy, needed his seizure medications to control a serious medical condition, and needed to be on 24-hour watch.

20. The next day, Plaintiff called the Grundy County Jail. She spoke with a Defendant Correctional Officer. She told him

5

that her husband had epilepsy, that he needed Dilantin to control his seizures, and that he needed to be on 24-hour watch.

21. On or about September 19, 2010, Mr. Awalt cried from his cell for help and medical attention. For several hours, Mr. Awalt cried that he had seizures, needed help, needed medicine, and needed medical attention.

22. Other detainees in nearby cells heard Mr. Awalt's cries for help and tried to assist him by calling to the Defendant Officers for help as well, saying words to the effect of, "Hey, get this guy some help."

23. Defendant Officers heard Mr. Awalt's calls for help.

24. Upon information and belief, Defendant Officers were also on notice of Mr. Awalt's objectively serious need for medical attention through observation of his physical symptoms.

**Defendants' Misconduct**

25. Despite their knowledge that Mr. Awalt needed medication for a serious medical condition and needed to be watched, Defendant Officers did nothing to provide medical attention or medication to Mr. Awalt.

26. Instead of providing Mr. Awalt any medical attention or informing any medical personnel who could provide medical attention, Defendant Officers laughed at Mr. Awalt and told him words to the effect of, "Shut the f___ up, you're in jail, deal

6

with it" and "lie down." None of the Defendant Officers provided Mr. Awalt any medicine or medical attention.

27. In fact, a Defendant Correctional Officer falsely told Plaintiff that a nurse was on duty, that they were giving Dilantin to Mr. Awalt, and that he was being taken care of.

28. Unbeknownst to Plaintiff, and contrary to what she had been told, Mr. Awalt was not given any Dilantin or any other seizure medication during his entire detention at the Grundy County Jail.

### Robert Awalt's Death

29. Approximately four days after his arrest, Mr. Awalt was found alone in his cell, pulseless and not breathing.

30. On September 19, 2010, Mr. Awalt was taken to the Morris Hospital, where he was pronounced brain dead on September 20, 2010.

### Count I – 42 U.S.C. § 1983
### Denial of Medical Care

31. Each paragraph of this Complaint is incorporated as if restated fully herein.

32. As described more fully above, Defendants had notice of Robert Awalt's medical need and the seriousness of his medical need, and yet, they failed to provide him with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

7

33. As a result of the unjustified and unconstitutional conduct of Defendants, Robert Awalt experienced pain, suffering, emotional distress, injury, and ultimately, death.

34. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

35. Alternatively, Defendants were deliberately indifferent to Robert Awalt's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of others.

36. Robert Awalt's injuries were proximately caused by policies and practices on the part of the Grundy County Sheriff, Defendant Marketti. In September 2010 and for a period of time prior thereto, Defendant Marketti had notice of a widespread practice by employees at the Grundy County Jail under which detainees with serious medical conditions, such as Robert Awalt, were routinely denied access to proper or sufficient medication or medical attention. It is common to observe detainees in Grundy County Jail with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored.

37. Specifically, there exists a widespread practice at Grundy County Jail under which Jail employees, including correctional officers and medical personnel, commonly fail or refuse to: (1) properly examine a detainee with a serious medical condition; (2) provide proper medication to a detainee with a serious medical condition; (3) respond to detainees who requested medical attention or medication or asked to see a doctor; or (4) respond to detainees who exhibited obvious signs of a serious medical condition or illness.

38. This widespread practice is allowed to flourish because Defendant Marketti, as Sheriff, directly encourages and is thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control correctional officers and medical personnel, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Robert Awalt. In this way, the Sheriff violated Robert Awalt's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

39. The above-described widespread practice, so well-settled as to constitute de facto policy in the Grundy County Sheriff's Department, were able to exist and thrive because governmental policymakers with authority over the same, namely,

9

Sheriff Terry Marketti, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

40. Robert Awalt's injuries were caused by employees of the Grundy County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to the Sheriff's policies and practices in engaging in the misconduct described in this Count.

### Count II – 42 U.S.C. § 1983
### Conspiracy

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. Defendants reached an agreement among themselves to deprive Robert Awalt of his constitutional rights and to protect one another from liability for depriving Robert Awalt of his rights, all as described in the various paragraphs of this Complaint.

43. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

44. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

45. As a direct and proximate result of the illicit prior agreement referenced above, Robert Awalt's rights were violated

and he suffered injuries, including emotional distress and death.

46. Robert Awalt's injuries were caused by employees of the Grundy County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the Grundy County Sheriff as described above.

### Count III – 42 U.S.C. § 1983
### Failure to Intervene

47. Each paragraph of this Complaint in incorporated as if restated fully herein.

48. As described more fully above, one or more Defendants had a reasonable opportunity to prevent the violation of Robert Awalt's constitutional rights as set forth above had they been so inclined, but failed to do so.

49. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Robert Awalt's rights.

50. As a direct and proximate result of the misconduct described in this Count, Robert Awalt's rights were violated and he suffered injuries, including but not limited to emotional distress and death.

51. Robert Awalt's injuries were caused by employees of the Grundy County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant

to the policies and practices of the Grundy County Sheriff as described in the preceding paragraphs.

### Count IV – State Law Claim
### Intentional Infliction of Emotional Distress

52. Each paragraph of this Complaint is incorporated as if restated fully herein.

53. In the manner described more fully above, by denying Robert Awalt medical attention, the Defendants engaged in extreme and outrageous conduct.

54. Defendants' actions set forth above were rooted in an abuse of power or authority.

55. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

56. Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

57. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, Grundy County Sheriff's Department, is liable for their actions.

58. As a direct and proximate result of this misconduct, Robert Awalt suffered injuries, including but not limited to severe emotional distress and death.

## Count V – State Law Claim
## Wrongful Death

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. Plaintiff Elizabeth Awalt, on behalf of the next-of-kin (including herself), claims damages for the wrongful death of Robert Awalt, and for their loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, as well as for their mental anguish caused by this loss, as well as for cremation expenses pursuant to 740 ILCS § 180/1, the Illinois Wrongful Death Act.

61. As described more fully in the preceding paragraphs, the actions of the Defendants breached the duty of care owed to detainees in their care. They did so by negligently ignoring Robert Awalt's request for medical attention.

62. Alternatively, the actions of the Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described

course of action and recklessly disregarded the consequences of those actions.

63. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Robert Awalt suffered injuries, including death.

64. Defendants' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

65. Defendants' actions proximately caused Robert Awalt great bodily harm and death, as well as great pain and suffering to Plaintiff Elizabeth Awalt.

## Count VI – State Law Claim
## Survival Action

66. Each paragraph of this Complaint is incorporated as if restated fully herein.

67. Before his death as a result of Defendants' misconduct, Robert Awalt was forced to endure great conscious pain and suffering.

68. Robert Awalt filed no action during his lifetime, but under the laws of the State of Illinois, this action survives and may be asserted by his Estate.

69. Plaintiff Elizabeth Awalt, in her capacity as Administrator of the Estate of Robert Awalt, claims damages for the conscious pain and suffering of Robert Awalt, pursuant to

755 ILCS § 5/27-6, commonly referred to as the Illinois Survival Act.

### Count VII – State Law Claim
### Respondeat Superior

70. Each paragraph of this Complaint is incorporated as if restated fully herein.

71. In committing the acts alleged in the preceding paragraphs, Defendants were members and agents of the Grundy County Sheriff's Department acting at all relevant times within the scope of their employment.

72. Sheriff Marketti is liable as principal for all torts committed by his agents.

### Count VIII – State Law Claim
### Indemnification

73. Each paragraph of this Complaint is incorporated as if restated fully herein.

74. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

75. Defendants are or were employees of the Grundy County Sheriff's Department who acted within the scope of their employment in committing the misconduct described above.

76. Grundy County is obligated to pay any judgment entered against the Sheriff in an official capacity.

WHEREFORE, Plaintiff, ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, respectfully requests that this Court enter a judgment in his favor and against Defendants, TERRY MARKETTI, individually and in his official capacity as SHERIFF OF GRUNDY COUNTY, COUNTY OF GRUNDY, DUANE MCCOMAS, CORRECTIONAL OFFICERS MELANIE VAN CLEAVE, PATRICK SEALOCK, MATTHEW WALKER, UNKNOWN GRUNDY COUNTY CORRECTIONAL OFFICERS, and UNKNOWN MEDICAL PERSONNEL, in their individual and official capacities, awarding compensatory damages, including medical and cremation expenses, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, ELIZABETH AWALT, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                Respectfully submitted,

                /s/ Elizabeth Wang
                One of Plaintiff's Attorneys

16

Arthur Loevy
Jon Loevy
Elizabeth Wang
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900