IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, <br><br> Plaintiff, <br><br> TERRY MARKETTI, *et al.*, <br><br> Defendants. | No. 11 C 6142 <br><br> Judge Virginia M. Kendall <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO THE GRUNDY
COUNTY DEFENDANTS' MOTION TO COMPEL**

NOW COMES Plaintiff, ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, by her attorneys, Loevy & Loevy, and responding in opposition to the Motion to Compel filed by Defendants TERRY MARKETTI, DUANE MCCOMAS, MELONEY VAN CLEAVE, PATRICK SELOCK, MATTHEW WALKER, DAVID OBROCHTA, ROBERT MATTERSON, and GRUNDY COUNTY (the "Grundy County Defendants"), *see* Dkt. 72 (hereinafter "Motion"), states as follows:

**INTRODUCTION**

The discovery dispute currently before the Court involves Plaintiff's anticipated assertion of the psychotherapist-patient privilege over documents sought by the Grundy County Defendants. The vast majority of the documents purportedly in contention have not been discovered or reviewed by any party in this lawsuit. Litigation about whether those documents are privileged is thus premature. Plaintiff respectfully requests that this Court deny the Grundy County Defendants' motion to compel until Plaintiff has had a chance to discover and review the documents to decide precisely which documents she will assert privilege over. This course of action will ensure that needless litigation on this subject is avoided. To the extent that the Court

is inclined to rule on the substance of the Grundy County Defendants' motion now, Plaintiff respectfully submits that she has a right to assert the psychotherapist-patient privilege to protect her own and Mr. Awalt's sensitive and confidential mental-health records. The Supreme Court has recognized this as a robust privilege, the waiver of which is to be examined carefully; and well-established case law makes plain that Plaintiff has not made any claim for damages in this case that has the effect of waiving the privilege.

## DISCUSSION

### I. PLAINTIFF'S INTERROGATORY RESPONSES ARE SUFFICIENT

Before addressing issues related to the privilege in greater detail, Plaintiff notes that the Grundy County Defendants' motion to compel seeks additional interrogatory responses from Plaintiff. This discovery issue no longer requires the Court's attention.

While Plaintiff continues to believe that her initial responses to the Grundy County Defendants' interrogatories satisfied the requirements of Federal Rule of Civil Procedure 33, particularly given the relatively undeveloped factual record existing at this early stage of the case, she has nonetheless provided supplemental responses in an effort to resolve the Grundy County Defendants' concerns. In addition, Plaintiff is aware of and intends to comply with her obligation under Federal Rule of Civil Procedure 26(e) to supplement her interrogatory responses in a timely fashion as discovery in this lawsuit yields additional facts responsive to the Grundy

County Defendants' requests. It is Plaintiff's understanding that there currently is no dispute about the sufficiency of Plaintiff's interrogatory answers.[1]

II.  **SOME OF THE MATERIALS SOUGHT ARE PROTECTED BY THE PRIVILEGE, BUT IT IS AT THIS POINT TOO EARLY TO TELL PRECISELY WHAT DOCUMENTS ARE COVERED BY THE PRIVILEGE**

The central point of contention concerns Plaintiff's assertion of the psychotherapist-patient privilege over documents that the Grundy County Defendants seek in discovery, which may include records of psychological treatment received by Plaintiff had her late husband Mr. Awalt. The Grundy County Defendants ask the Court to compel disclosure of documents that may be protected by the psychotherapist-patient privilege, even though the vast majority of those documents, which are in the possession of third parties, have not been reviewed by Plaintiff or by any other party.

A.  **This Court Should Order the Parties to Avoid Needless Litigation of the Privilege Issue by Allowing Plaintiff to Review Documents First**

Before turning to the reasons that the psychotherapist-patient privilege applies to at least some portion of the materials that the Grundy County Defendants seek, it is important to stress that Plaintiff has proposed to counsel for the Grundy County Defendants a way of proceeding that would likely avoid much of the litigation on this subject. Specifically, Plaintiff has offered to request the documents sought by the Grundy County Defendants from the various third parties who possess them; at which point Plaintiff would review those documents for privilege and

---

[1] The Grundy County Defendants' argument to compel interrogatory answers is in large part a challenge to the sufficiency of the *Monell* pleadings contained in Plaintiff's complaint. *See* Motion at 72, at 3-7 & n.1. A Rule 37 motion to compel is not a proper vehicle for testing the sufficiency of a complaint. The Grundy County Defendants had the opportunity to move for dismissal pursuant to Rule 12(b)(6), and they chose instead to answer. And even if this argument had been properly presented, the Grundy County Defendants' position is nothing more than regurgitation of the plausibility arguments advanced by the Medical Defendants in their previously filed 12(b)(6) motion. This Court recently rejected the Medical Defendants' contention that Plaintiff's *Monell* allegations are insufficient. *See* Memorandum Opinion and Order, Dkt. 76, at 15. The same logic applies to arguments raised in this motion to compel.

produce all non-privileged documents to the defendants, along with a detailed privilege log of documents withheld, if any. Indeed, Plaintiff has already requested all of the documents that the Grundy County Defendants seek from these third parties. Nonetheless, the Grundy County Defendants have rejected Plaintiff's proposed course of action.

But there is no reason for them to reject Plaintiff's proposal. Plaintiff's plan, as Plaintiff's counsel has explained to defense counsel on numerous occasions, *see*, *e.g.*, Motion Exh. C, Dkt. 72-4 at 6, may prevent the need to litigate this issue at all, for there may be no documents over which Plaintiff wishes to assert the psychotherapist-patient privilege. Plaintiff cannot say that right now because neither she nor any of the defendants have any idea what materials are contained among the documents sought.[2] Even if there remains after this process a limited number of documents over which Plaintiff wishes to assert privilege, there are a number of advantages to a process where Plaintiff has the opportunity to produce a privilege log explaining exactly what documents are privileged and why: proceeding in this way will focus the dispute on documents for which there is an actual privilege dispute; when the parties know precisely what documents, if any, are being withheld, they then may be able to work to resolve privilege issues without bothering the Court and perhaps they will be able to more accurately gauge whether arguments for or against application of the privilege have merit; most importantly, Plaintiff's plan will give the Court the opportunity to consider the propriety of applying the psychotherapist-patient privilege in the context of specific, concretely identified documents, rather than in the abstract. As things now stand, the Court is being asked to order that the

---

[2] In their own motion, the Grundy County Defendants point out that they "are unable to tell whether the putative records would actually meet the privilege's requirements." *See* Motion at 10 n.4. Plaintiff is also unable to tell whether the privilege would apply, having never seen the documents before, which is precisely why she proposed resolving the issue in a way that might not require the Court's time.

4

privilege is waived in this case in general, with respect to a wide swath of documents that have never been seen by any party and whose contents are as of yet unknown.

Should the Court adopt Plaintiff's proposed course of action, it would conserve the resources of the Court, avoid the need for a ruling on the psychotherapist-patient privilege (at least for now, and perhaps for the duration of this case), and permit Plaintiff to review documents for privilege and identify why the privilege applies to specific documents. Plaintiff respectfully requests that the Court deny the Grundy County Defendants' motion and order the parties to proceed by allowing Plaintiff to secure and review potentially privileged documents before turning those documents over to the defendants. As explained, Plaintiff has already taken steps in furtherance of this plan. Plaintiff's counsel have been working diligently to obtain and produce those documents, and we will promptly apprise the defendants of any document over which Plaintiff chooses to assert the psychotherapist-patient privilege.

**B.      The Psychotherapist-Patient Privilege Applies to Protect From Disclosure Documents Relating to Mr. Awalt's Mental Health**

To the extent the Court wishes to rule on the application of the psychotherapist-patient privilege now, Plaintiff submits that a number of the documents sought by the Grundy County Defendants are covered by the psychotherapist-patient privilege. For the reasons discussed above, Plaintiff cannot currently identify exactly what documents are privileged because she has not yet had the opportunity to review them. However, for the reasons discussed below, the Court should not issue a blanket ruling holding that Plaintiff is prevented from asserting the psychotherapist-patient privilege in this case.

       1.      <u>The Relevance of Information Sought Does Not Defeat the Privilege</u>

The Grundy County Defendants argue first that the psychotherapist-patient privilege should not apply to protect documents relating to Mr. Awalt's past psychiatric treatment because

5

that information may be relevant to their theory of defense in this case. *See, e.g.*, Motion at 10 ("For the same reasons [of relevance], Plaintiff should not be allowed to assert of [*sic*] the psychotherapist-patient privilege on Robert Awalt's behalf."). This argument fundamentally misunderstands the way in which privileges work.

In a number of documents and public statements discovered in the case so far, the Grundy County Defendants have proclaimed that Mr. Awalt's death was his own fault. Mr. Awalt choked to death, they say, after placing a sock in his mouth during seizures. In their current motion, the Grundy County Defendants' theory of the case seems to have shifted: they now argue that they believe Mr. Awalt committed suicide at the Grundy County Jail. For purposes of this motion Plaintiff will put to one side the paucity of information supporting this new argument (the Defendants say that the coroner "considered suicide as a possible cause of death," Motion at 9, but all they cite in support of that assertion is the coroner's report that "[Plaintiff] stated she knows that her husband *would not have* committed suicide and *has never tired anything of that nature before*," Motion Exh. H, Dkt. 72-9 at 3 (emphasis added)), and she will not address the physiological impossibility of this suicide-by-sock theory. Plaintiff assumes for the sake of this motion only that the information that the Grundy County Defendants seek is relevant.

The error in the Grundy County Defendants' argument is that they fail to recognize that the relevance of a piece of information does not render inapplicable a privilege that can be asserted to protect that piece of information. On the contrary, privileges are nearly exclusively asserted to protect from disclosure evidence that both parties concede is relevant. Judge Kennelly addressed the same relevance argument now made by the Grundy County Defendants in *Santelli v. Electro-Motive*, an oft-cited discussion of the psychotherapist-patient privilege in this district:

> Although communications between a psychotherapist and patient may be relevant to a particular issue in a case or significant to the part opposing the privilege, that alone is not

> enough to deprive a party of this privilege. By definition, privileges exclude from a case otherwise relevant information.

188 F.R.D. 306, 308 (N.D. Ill. 1999). Indeed, the entire idea of a privilege is that the free exchange of otherwise relevant information is subjugated to the public interest in protecting that information from disclosure.

Consider the attorney-client privilege, which the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996), held was equivalent in all relevant respects to the psychotherapist-patient privilege. There is little chance that the Grundy County Defendants would come into court arguing that information protected by attorney-client privilege should be disclosed simply because it is relevant to their theory of defense. The privilege asserted by Plaintiff here is no different, and the Grundy County Defendants' argument that the privilege should not be applied because they seek relevant information should be rejected outright.

      2.      <u>Mr. Awalt's Untimely Death Does Not Waive His Privilege</u>

In a paragraph-long and perfunctory argument, the Grundy County Defendants argue that the psychotherapist-patient privilege should not apply to Mr. Awalt's mental-health records because Mr. Awalt is dead. Without any legal analysis, the Grundy County Defendants assert that "the privacy concerns expressed in *Jaffee* as the overarching basis for the privilege are minimized because Robert Awalt has died," and they conclude, "Consequently, because decedent's mental health records relate to Grundy County's defense, they should be subject to discovery." *Id.* It is deeply offensive to argue that because Mr. Awalt did not survive his five days in the Defendants' custody, the Defendants should now have free reign over Mr. Awalt's mental-health records. But more importantly for purposes of the privilege question, the Grundy County Defendants' argument is flatly contradicted by Supreme Court decisions that address this issue.

The analysis must depart from *Jaffee*'s holding that "[t]he psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." 518 U.S. at 11. The purpose of the privilege is to promote the public interest in encouraging the frank exchange of information between psychotherapist and patient by guaranteeing would-be patients—meaning patients in general—that information about their mental health will not be disclosed to third parties. *Id.* at 11-12.

The *Jaffee* Court rejected explicitly the invitation to make "the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure," *id.* at 17, and two years after *Jaffee*, the Supreme Court held in *Swidler & Berlin v. United States* (which considered the attorney-client privilege) that a privilege survives the death of the individual who holds that privilege, 524 U.S. 399, 410-11 (1998). The interest in promoting open communications between psychotherapists and patients would be undermined if privacy interests were later reevaluated and information that had formerly been protected was disclosed. Mr. Awalt's untimely death in the Grundy County Jail provides no basis for finding that the Grundy County Defendants can now discover documents to which the psychotherapist-patient privilege applies.

   3.  <u>Plaintiff Has Not Waived the Privilege That Applies to Mr. Awalt's Records</u>

The Grundy County Defendants next argue that Plaintiff has waived Mr. Awalt's psychotherapist-patient privilege by placing Mr. Awalt's physical and mental health at issue in the case. This argument—to the extent it is any different from the relevance argument discussed above—is similarly too broad to find any support in the case law.

8

There is no question that the privilege at issue can be waived. The Supreme Court in *Jaffee* said as much, *id.* at 15 n.14, and the lower courts have developed a waiver doctrine in response, *see generally Flowers v. Owens*, 274 F.R.D. 218, 223-26 (N.D. Ill. 2011) (exploring waiver of the psychotherapist-patient privilege in detail).

Importantly, a party does not forfeit her privilege "'merely by taking a position that the evidence might contradict.'" *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 985 (N.D. Ill. 2010) (quoting *United States v. Salerno*, 505 U.S. 317, 323 (1992)). On the contrary, the Seventh Circuit has held that the psychotherapist-patient privilege is waived only if a party "by seeking damages for emotional distress places his or her psychological state in issue." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *see also Kronenberg*, 747 F. Supp. 2d at 986 (noting that in situations where a Plaintiff withdraws a claim of damages for emotional distress, the entire question of waiver of the psychotherapist-patient privilege is mooted).

Even in situations where a plaintiff seeks damages for emotional distress, courts in this district and around the country evaluate carefully the particular type of emotional distress claimed before they decide whether the privilege has been waived. *Santelli* explains when a claim of emotional damages waives the privilege and when it does not, and the rule is simple: where a Plaintiff claims "garden variety" emotional damages—meaning emotional damages limited to "the negative emotions that [plaintiff] experienced as the intrinsic result of defendant's alleged conduct"—then the privilege remains intact; but where a Plaintiff claims damages for which she later seeks treatment from a psychotherapist, the privilege is waived. 188 F.R.D. at 308-09; *see also Flowers*, 274 F.R.D. at 225 (collecting cases "that hold that simply raising a 'garden variety' claim of emotional damages does not result in a waiver of the psychotherapist/patient privilege"). This rule of waiver "is based upon the obvious principle of

9

fairness that a party 'cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.'" *Kronenberg*, 747 F. Supp. 2d at 989 (quoting *Santelli*, 188 F.R.D. at 309, and citing *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000)); *see also Flowers*, 274 F.R.D. at 225.

Plaintiff has not injected Mr. Awalt's psychological condition into the case in any way—she has not made a claim of damages for Mr. Awalt's psychological treatment, conditions, or symptoms resulting from the Defendants' misconduct. The reason there is no such damages claim is that Mr. Awalt *died* as a result of the Defendants' misconduct; he had no opportunity to seek psychological treatment after he left Grundy County Jail. Plaintiff does not seek to use Mr. Awalt's psychological treatment, conditions, or symptoms for any purpose in this case, and therefore there is not even a hint of the unfairness discussed above that might in a different case provide reason to find waiver of the privilege.

The Grundy County Defendants have read the case law on waiver much too broadly. If their argument were accepted, any time there was any issue in a case related to a party's mental state, the psychotherapist-patient privilege would be waived. In short, there would be no cases where the privilege had any force at all. Mr. Awalt's treatment by psychotherapists has not been put at issue in this case, and Plaintiff has every right to assert Mr. Awalt's psychotherapist-patient privilege to ensure that sensitive mental-health information remains protected.

C. **The Psychotherapist-Patient Privilege Applies to a Portion of Plaintiff's Records from Guardian Angels**

The Grundy County Defendants also argue that they should have access to Plaintiff's complete file kept by Guardian Angel Community Services. They say that such access should be compelled for two reasons: first, they contend that evidence that Plaintiff was a victim of domestic abuse is relevant to damages in the case, Motion at 13-14; and, second, they assert that

10

"Plaintiff has also generally put her mental health at issue regarding her claims for loss of consortium and extreme emotional distress," *id.* at 14-15. Once again, the Grundy County Defendants' arguments misapply the law on the psychotherapist-patient privilege and the conditions that waive that privilege.

Plaintiff has discussed in detail above why the mere fact that evidence might be relevant does not make that evidence discoverable when there is a privilege that protects the information. Again, without conceding at all that the evidence that Defendants seek is relevant, Plaintiff submits that even if it is relevant, it is protected by the psychotherapist-patient privilege. While records of abuse may be discoverable and unprivileged (even if they are not ultimately admissible at trial—an issue Plaintiff will take up at the appropriate time), any mental-health records that accompany those records are privileged. Plaintiff should not be required to throw the baby out with the bathwater: just because Guardian Angel may have records that report that Plaintiff has been involved in domestic disputes in the past does not mean that the Defendants in this lawsuit have a right to examine every confidential communication between Plaintiff and her counselor.[3]

Nor has Plaintiff made the type of emotional distress claim for damages that waives the privilege. She claims nothing more than "garden variety" emotional damages. Plaintiff's claim for damages is limited to "the negative emotions that [she] experienced as the intrinsic result of defendant's alleged conduct," which, as discussed above, does not waive any privilege. *Santelli*, 188 F.R.D. at 309; *see also Flowers*, 274 F.R.D. at 225. It is not as though Plaintiff claims that she received psychological treatment at Guardian Angel for damages that she suffered as a result

---

[3] Plaintiff can tell the court in general terms that she and her young daughter received counseling at Guardian Angel for a highly sensitive incident involving her daughter, which has absolutely nothing to do with this lawsuit (including damages) and which is none of the Defendants' business. That information is protected by privilege, and the Court should not require Plaintiff to hand it over to the Grundy County Defendants.

11

of her husband's death. This limitation of Plaintiff's damages claim matters. According to case law in this district, it means that the psychotherapist-patient privilege has not been waived, and that Plaintiff is free to assert the privilege to protect from disclosure her and her daughter's private communications with counselors at Guardian Angel.

## CONCLUSION

For the reasons discussed in Part I, Plaintiff respectfully requests that this Court deny the Grundy County Defendants' motion to compel and order the parties to proceed with discovery of these potentially privileged documents in the manner suggested by Plaintiff. If it turns out that there are a limited number of documents over which Plaintiff wishes to assert the psychotherapist-patient privilege, the issue can be addressed when the parties have a precise understanding of which documents are being withheld based on that privilege. If the Court resolves the issue now, Plaintiff respectfully requests that the Court hold that there is no claim of damages in this case that seeks to use psychological treatment as evidence, and thus that there has been no waiver of the psychotherapist-patient privilege. Nothing about the claims in this case or the evidence that will be presented at trial presents any reason to give the Grundy County Defendants unrestricted access to Plaintiff's and Mr. Awalt's sensitive mental-health records.

                                          RESPECTFULLY SUBMITTED,

                                              /s/ Steven Art
                                         *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Elizabeth Wang
Steven Art
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, Illinois 60607
(312) 243-5900

12

**CERTIFICATE OF SERVICE**

I, Steven Art, an attorney, hereby certify that I caused the foregoing Plaintiff's Response to the Grundy County Defendants' Motion to Compel to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

RESPECTFULLY SUBMITTED,

　　　/s/ Steven Art　　　
*One of Plaintiff's Attorneys*