10209-T1169
SGS/AJR

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, ) ) ) | |
| Plaintiff, ) ) ) | Law No.: 11 CV 6142 |
| v. ) ) | |
| RICK MARKETTI, as Administrator of the Estate of TERRY MARKETTI, *et al.*, ) ) ) | |
| Defendants. ) | |

**MEDICAL DEFENDANTS' MOTION TO COMPEL SETTLEMENT AGREEMENT
BETWEEN PLAINTIFF AND COUNTY DEFENDANTS**

NOW COME Defendants, STEPHEN CULLINAN, M.D., MARJORIE CLAUSON, R.N. and CORRECTIONAL HEALTHCARE COMPANIES, INC. and HEALTH PROFESSIONALS, LTD. (collectively "Medical Defendants"), by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Motion to Compel the Settlement Agreement between Plaintiff and County Defendants, state as follows:

1. Based on representations in Court, Plaintiff ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT ("Plaintiff") and RICK MARKETTI, AS ADMINISTRATOR OF THE ESTATE OF TERRY MARKETTI, KEVIN CALLAHAN, MELANIE VAN CLEAVE, PATRICK SELOCK, MATTHEW WALKER, COUNTY OF GRUNDY, ILLINOIS, DUANE MCCOMAS, ROBERT MATTESON, KIM LEAR, ROGER THORSON, and DAVID OBROCHTA (collectively "County Defendants") have reached a settlement agreement in this case.

1

10209-T1169
SGS/AJR

      2.      Said settlement agreement would represent a partial settlement of the issues before the Court, as it is reached with some but not all defendants.

      3.      The Medical Defendants have not reached a settlement with Plaintiff.

      4.      Plaintiff represented to the Court that they will disclose the terms of the settlement, and the County Defendants have indicated that they will seek a voluntary dismissal, as well as a finding from this Court that the settlement was made in good faith pursuant to the Illinois Joint Tortfeasor Contribution Act. *See* 740 ILCS 100/2(c).

      5.      When a court determines whether a settlement was negotiated in good faith within the meaning of the Contribution Act, the settling parties carry the initial burden of making a preliminary showing of good faith. At a minimum, the settling parties must show the existence of a legally valid settlement agreement. However, not all legally valid settlements satisfy the good-faith requirements of the Contribution Act. *Johnson v. United Airlines*, 203 Ill. 2d 121, 132, 784 N.E.2d 812, 820, 2003 Ill. LEXIS 6, *16, 271 Ill. Dec. 258, 266 (Ill. 2003).

      6.      Factors which have been considered in determining whether a settlement was made in good faith include: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. *Wreglesworth v. Arctco, Inc.*, 317 Ill. App. 3d 628, 634, 740 N.E.2d 444, 449, 2000 Ill. App. LEXIS 880, *9-10, 251 Ill. Dec. 363, 368 (Ill. App. Ct. 1st Dist. 2000) (internal citations omitted).

10209-T1169
SGS/AJR

7. In determining whether a settlement agreement was made in good faith, the trial court must consider the entire circumstances surrounding the settlement. *In re Babb*, 162 Ill. 2d 153, 205 Ill. Dec. 78, 642 N.E.2d 1195 (1994). The totality-of-the-circumstances analysis allows the trial court to give effect to the strong public policy favoring the peaceful settlement of claims; at the same time, the totality-of-the-circumstances analysis allows trial courts to be on guard for any type of evidence of collusion, unfair dealing or wrongful conduct by the settling parties. *In re Babb*, 162 Ill. 2d 153, 205 Ill. Dec. 78, 642 N.E.2d 1195 (1994).

8. Accordingly, for the Court to determine whether Plaintiff and County Defendants have met their burden of demonstrating that their settlement agreement was made in good faith, and for the non-settling Defendants to determine whether they have grounds to object to this settlement agreement due to collusion, unfair dealing or other unfair prejudice, a full and complete copy of the settlement agreement must be produced to the Court and Medical Defendants.

9. Despite representations in open Court that the settlement agreement would be produced, Medical Defendants have not received a copy and it is now less than a month prior to trial. Medical Defendants requested a copy in open Court on 6/2/15 and 6/30/15, and via correspondence dated 6/30/15. Receiving no response and there being little time to address this issue so close to trial, Medical Defendants now move the Court to compel production of the settlement agreement between Plaintiff and County Defendants.

WHEREFORE, the Medical Defendants respectfully request the Court enter an Order compelling production of the settlement agreement, in its entirety, reached between Plaintiff and the County Defendants, and for any other relief deemed just and proper by the Court.

10209-T1169
SGS/AJR

                CORRECTIONAL HEALTHCARE COMPANIES, INC.,
                HEALTH PROFESSIONALS, LTD., STEPHEN
                CULLINAN, M.D., and MARJORIE CLAUSON, R.N.

              BY:    /s/ Scott G. Salemi
                   HEYL, ROYSTER, VOELKER & ALLEN
                   Scott G. Salemi, ARDC #: 6209932
                   Andrew J. Roth, ARDC # 6279716

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn Street, 7th Floor
Chicago, Illinois 60602
Telephone    312.853.8700
Facsimile     312.782.0040

and

HEYL, ROYSTER, VOELKER & ALLEN
Second Floor, PNC Bank Building
120 West State Street
P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone    815.963.4454
Facsimile     815.963.0399

10209-T1169
SGS/AJR

# PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all attorneys to the above cause via the CM/ECF System on the 9th day of July, 2015.

TO:

***Attorneys for Plaintiff***
Arthur R. Loevy – loevylaw@loevy.com
Jonathan I. Loevy – jon@loevy.com
Steven Edwards Art - steve@loevy.com
Elizabeth Wang – elizabethw@loevy.com
Julie M. Thompson – julie@loevy.com
Cindy Tsai - cindy@loevy.com
Anand Swaminathan – anand@loevy.com
Michael Kanovitz – mike@loevy.com
Sarah Copeland Grady – sarah@loevy.com
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

***Attorneys for Rick Marketti as Administrator of the estate of Terry Marketti, Melanie Van Cleave, Patrick Selock, Matthew Walker, County of Grundy, Illinois, Duane McComas, Robert Matteson, Kim Lear, Roger Thorson, and David Obrochta***
James Gus Sotos – jsotos@jsotoslaw.com
Jeffrey Neil Given – jgiven@jsotoslaw.com
Amy P. Engerman – aengerman@jsotoslaw.com
The Sotos Law Firm, P.C.
550 East Devon Ave., Ste. 150
Itasca, IL 60143
(630) 735-3300
Fax: (630) 773-0980

    /s/ Scott G. Salemi
       Scott G. Salemi

28208960_1