IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, <br><br> Plaintiff, <br><br> v. <br><br> RICK MARKETTI, as Administrator of the ESTATE OF TERRY MARKETTI, *et al.*, <br><br> Defendants. | No. 11 C 6142 <br><br> Hon. Thomas M. Durkin, District Judge |

## JOINT MOTION TO DISMISS COUNTY DEFENDANTS AND FOR A FINDING OF GOOD FAITH

Plaintiff Elizabeth Awalt, through her attorneys, and Grundy County Defendants, through their attorneys (the "Parties"), and pursuant to Federal Rule of Civil Procedure 41 and the Stipulation to Dismiss and Release and Settlement Agreement ("the Agreement"), which is attached as Exhibit A, move this Court to dismiss without prejudice all claims against Defendants Rick Marketti, as Administrator of the Estate of Terry Marketti, Grundy County Sheriff Kevin Callahan, Duane McComas, Meloney Van Cleave, Patrick Selock, Matthew Walker, David Obrochta, Robert Matteson, Kim Lear, Roger Thorson, and County of Grundy, Illinois, ("County Defendants"). The Parties also move for a finding that the Agreement is in good faith. In support, The Parties state:

1.  Plaintiff filed this action against the County Defendants and also against Correctional Healthcare Companies, Inc., Health Professionals, Ltd., Dr. Stephen Cullinan, and Marjorie Clauson, R.N. ("the Medical Defendants") for alleged violations of federal and Illinois law.

1

2. The Parties have agreed to settle all claims against the County Defendants pursuant to the terms of the Agreement. Plaintiff's claims against the Medical Defendants survive and are scheduled for trial beginning August 3, 2015.

3. The Parties seek from this Court a finding that the Agreement is made in good faith. This Court has the power to make such a finding under federal common law, where issues such as setoff and contribution may be affected. *See, Fox by Fox v. Barnes,* 2013 WL 2111816 at \*\*3-4, 7-8 (N.D. Ill., May 15, 2013).[1] Further, this Court may consider Illinois common law in determining good faith, and the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2 ("the Act"), provides for a finding of good faith in order to settle issues of setoff and contribution. *Id.* at \*\*4, 9.

4. The Medical Defendants have stated in open court the possibility that they may challenge the Agreement, suggesting they might suffer legal prejudice during or after trial because of it. Thus, a determination by this Court that the Agreement is made in good faith will promote efficient litigation by settling the issue in advance of trial and avoiding additional litigation in the future.

5. "When a trial court is notified that a settlement has been reached and is asked to determine the good faith nature of the settlement, the court should rule on the good faith of the settlement as soon as practicable, apart from and in advance of any trial on the tort issues." *Sachs v. Reef Aquaria Design, Inc.,* 2008 WL 780633 at \*3 (N.D. Ill., Mar. 20, 2008), citing *Johnson v. United Airlines,* 784 N.E.2d 812, 818 (Ill. 2003) (internal quotations omitted). The

---

[1] *See also Siwula v. Lake County, Illinois, et al.*, 12 CV 2096 (N.D. Ill. Feb. 2, 2014) (Kennelly, J.) (court found good faith in settlement agreement between plaintiff and county defendants where jail medical providers were non-settling defendants) (*see* docket entries 79, 82, 83).

settling parties bear the initial burden of making a preliminary showing of good faith; once that preliminary showing has been made, the challenging party must prove the absence of good faith by a preponderance of the evidence. *Sachs,* 2008 WL 780633 at *3. Whether a settlement is in good faith "is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Johnson*, 784 N.E. 2d at 821.

6. To evaluate whether a settlement was made in good faith, a court may consider: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. No single factor is determinative, and it not necessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *Sachs,* 2008 WL 780633 at *3. "A settlement is not in good faith if it is shown that the settling parties engaged in collusion, fraud, unfair dealing, or wrongful conduct by the settling parties." *Id.* at *4.

7. To satisfy the burden of making a preliminary showing of good faith, the settlors must show the existence of a legally valid settlement agreement, and settlements involving the exchange of consideration have been held to be *prima facie* valid and, therefore, presumed to be in good faith; for instance, in *Johnson, supra,* the Illinois Supreme Court upheld the trial court's finding of *prima facie* good faith where a settlement was supported by consideration and the evidence indicated that both parties rationally made informed decisions to enter the agreement. *Sachs,* 2008 WL 780633 at **3-4.

8. In this case, the Agreement itself states that it is made in good faith, that it is supported by consideration, and that the parties rationally made informed decisions in entering the Agreement. *See,* Agreement at p. 2, Recital C, and ¶¶ 1.2, 2.1-2.4, 4.0, and 6.0. Moreover, other evidence demonstrates the Agreement is in good faith, is not improperly collusive, and meets public policy concerns. The fact that the settlement amounts range from a low of $250,000 to a high of $2,250,000 depending on the results of settlement or trial with the Medical Defendants is the kind of "high-low" agreement that is "routinely allowed." *See, Wingo by Wingo v. Rockford Memorial Hospital,* 686 N.E.2d 722, 733 (2nd Dist. 1997). That Plaintiff has allocated the settlement amount to particular types of damages or fees is not improper and should be honored where it is not grossly out of proportion to a reasonable estimate of the item to which it is allocated. *Fox by Fox,* 2013 WL 2111816 at **2, 9. The Agreement is not secret; it has been disclosed before trial; the settling County Defendants do not remain in the trial; and no "loan" has been made; thus, the Agreement does not distort the adversarial process and is not in bad faith. *See, e.g., Wingo,* 686 N.E.2d at 732-33; *Banovz v. Rantanen,* 649 N.E.2d 977 (5th Dist. 1995); *McDermott v. Metropolitan Sanitary District,* 607 N.E.2d 1271 (4th Dist. 1992). And, it is not *per se* bad faith that Plaintiff and the settling County Defendants agreed to terms that are advantageously apportioned to them and not to the Medical Defendants; that is the nature of settlements, and the Medical Defendants must affirmatively demonstrate that the Agreement was entered into in bad faith. *Fox by Fox,* 2013 WL 2111816 at **6, 10.

9. Finally, there are underlying differences between the respective strengths and weaknesses between the two sets of Defendants that also support the Agreement's good faith. For instance, in assessing Plaintiff's *Monell* claims, it is undisputed that: this was the County Defendants' first lawsuit alleging inadequate medical care in over twenty years, whereas Dr.

Cullinan and CHC/HPL have been the subject of numerous similar lawsuits; some of the County Defendants are entitled to claim qualified immunity, whereas the Medical Defendants are not; and, with regard to assessing punitive damages, the net worths of Dr. Cullinan and CHC/HPL far exceed that of the individual County Defendants.

10. For all these reasons, the Parties have met their burden to demonstrate that the Agreement was made in good faith.

11. Plaintiff is seeking dismissal of the County Defendant without prejudice at this time, subject to the Probate Court's approval of the settlement. *See* Parties Release and Settlement Agreement at ¶¶ 2.6 and 8.0.

12. Upon receipt of Probate Court approval, Plaintiff will dismiss the County Defendants with prejudice.

13. Although all claims against the County Defendants will be dismissed, this matter shall continue and proceed against the Medical Defendants.

WHEREFORE, the Parties request this Court to (1) find that the Agreement is made in good faith, and (2) dismiss the County Defendants without prejudice at this time, pursuant to the terms of the Agreement.

Dated: July 13, 2015                                       Respectfully Submitted,


 /s/ Jeffrey N. Given                                       /s/ Steven Art
Jeffrey N. Given                                           Steven Art
*Attorney for Grundy County*                               *Attorney for Plaintiff*
*Defendants*

James G. Sotos
Jeffrey N. Given
Amy P. Engerman
THE SOTOS LAW FIRM, P.C.
550 E. Devon Ave., Suite 150
Itasca, IL 60143
(630) 735-3300
 (630) 773-0980 - Fax
jgiven@jsotoslaw.com

Michael Kanovitz
Steven Art
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, IL 60607
 (312)243-5900
mike@loevy.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Monday, July 13, 2015, I electronically filed the foregoing **Joint Motion to Dismiss County Defendants and for a Finding of Good Faith** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Steven Art
Steven Art
*Attorney for Plaintiff*