10209-T1169
SGS/KAK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AWALT, as Administrator of the ESTATE OF ROBERT AWALT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Law No.: 11 CV 6142 ) ) |
| RICK MARKETTI, as Administrator of the Estate of TERRY MARKETTI, *et al.*, | ) ) ) |
| Defendants. | ) |

## STEPHEN CULLINAN, M.D.'S RENEWED
## MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES Defendant, STEPHEN CULLINAN, M.D., by and through his attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for his Renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b), states as follows:

1. On August 3, 2015 this matter proceeded to trial on Plaintiff's claims against the individual medical Defendant Dr. Stephen Cullinan ("Defendant").

2. At the close of Plaintiff's evidence, Defendant moved for judgment as a matter of law arguing, *inter alia*, that Plaintiff's evidence was insufficient for a reasonable jury to have a legally sufficient evidentiary basis to find for Plaintiff. Fed. R. Civ. P. 50(a)(1). *See Attached* Exhibit A Motion for Judgment as a Matter of Law [Doc. 506] and Exhibit B Motion to Reconsider Court's Decision on Defendant's Motion for Judgment as a Matter of Law ("Motion to Reconsider")[Doc. 507].[1]

---

[1] Plaintiff originally had three claims against Dr. Cullinan at the outset of trial: 1) Section 1983 failure to provide adequate medical care; 2) failure to intervene; and 3) failure to supervise. Plaintiff dropped claims 2 & 3 and proceeded only on the Section 1983 failure to provide adequate medical care.

1

3. Both Defendant's Motion for Judgment as a Matter of Law and Motion to Reconsider were denied, without prejudice.

4. On August 13, 2015 after three days of deliberations, the jury could not reach a unanimous verdict and the Court declared a mistrial.

5. Defendant now moves for a Renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b).

6. Fed. R. Civ. P. 50(b), states in pertinent part:

"No later than 28 days after the jury was discharged, the movant may file a renewed motion for judgment as a matter of law…. In ruling on the renewed motion the court may:
    (1) allow judgment on the verdict, if the jury returned a verdict;
    (2) order a new trial; or
    (3) direct the entry of judgment as a matter of law."

7. That the Court declared a mistrial does not prevent the Defendant from filing or prevailing on its Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b). *Schultz v. Owens-Illinois Inc.*, 696 F. 2d 505, 508 (7th Cir. 1982) (affirming directed verdict granted after mistrial declared); *see also Garrett v. Barnes,* 961 F. 2d 629, 632 (7th Cir. 1992) (affirming directed verdict entered at close of third trial following two mistrials).

8. As previously asserted in Defendant's Motion for Judgment as a Matter of Law and Motion to Reconsider, Plaintiff presented no evidence that Dr. Cullinan had any actual knowledge that: (1) Robert Awalt was suffering active seizures while in the Grundy County Jail in September 2010; and (2) that Mr. Awalt was not receiving his anti-seizure medication (Dilantin) as prescribed by Dr. Cullinan.

9. Plaintiff's failure to present any evidence that Dr. Cullinan had actual knowledge that Awalt was suffering from seizures supports judgment as a matter of law, as without such

evidence, Plaintiff cannot meet the deliberate indifferent standard. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 778-79 (7th Cir. 2014).

10. In *Pittman*, the Seventh Circuit denied summary judgment to guards that had received a suicidal inmate's request to see a crisis intervention counselor and who were aware that the inmate may have suffered from a serious psychological condition. *Id.* at 778. However, the court affirmed summary judgment for the nurse and doctor, contrasting the negligence standard for what they should have known with the deliberate indifference standard that "requires a showing that the defendants had *actual* knowledge that Mr. Pittman was at risk of serious harm and *deliberately ignored* that risk." *Id*. (emphasis in original). The court found the record did not support the conclusion, "even by inference," that the nurse or doctor addressed the inmate's situation with such a mental state. *Id.*; *see also id*. at 779 ("These professional caregivers addressed Mr. Pittman's complaints and prescribed medication.").

11. As further outlined in Defendant's Motion to Reconsider, Plaintiff has attempted to prove that such evidence of Dr. Cullinan's knowledge does exist. In order to do so, Plaintiff has relied on the testimony of Superintendent McComas reciting alleged out of court statements by Van Cleave that Awalt had a seizure and that Awalt was having seizures at the jail, which, by Plaintiff's own admission, were not to be offered for the truth of the matter asserted, and accordingly are not substantive evidence and cannot be used to defeat Defendant's Motion. *See* Exhibit B Defendants Motion to Reconsider and Exhibit A Attached thereto.

12. Despite Plaintiff's own representations that such statements were not being offered for their truth, Plaintiff, aware of the lack of this needed evidence, is now in effect asking the Court to accept the hearsay statements for the truth of the matter stated therein- that Van Cleave knew that Awalt was having seizures- to support an inference that Van Cleave is lying

and must have told Dr. Cullinan of the seizures, despite Van Cleave's unequivocal testimony that she never saw Awalt have a seizure and never told Dr. Cullinan that Awalt was having seizures or requesting anti-seizure medication. This inference is unfounded and specious.

13. In fact, Plaintiff's own expert, Dr. Pedelty, testified that she had not seen any documentation that Awalt was having seizures in jail, and did not recall any witness testimony that anyone had told Dr. Cullinan that Awalt was suffering seizures.

14. Worse than in *Garrett*, Plaintiff is trying to make her case "on a nod, a wink, and a suggestion," 961 F.2d at 634. Plaintiff's attenuated inference is not only insufficient but is improper and cannot be considered in opposition to Defendant's Motion. Thus, Plaintiff "has not produced anywhere near the level of evidence as other plaintiff's whose cases were dismissed on directed verdicts or j.n.o.v.," and the same result should follow here. *Garrett,* 961 F.2d at 634.

15. Even if the Court accepts that Dr. Cullinan should have done more based on the facts presented, a Judgment as a matter of law in his favor should still follow.

16. Deliberate indifference is not medical malpractice. *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (quotation and citations omitted). It is axiomatic that a defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that the defendant "must also draw the inference." *Pittman*, 746 F.3d at 776 (quoting *Higgins v. Corr. Med. Servs. of Ill., Inc*., 178 F.3d 508, 511 (7th Cir. 1999) (in turn quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

17. Absent any evidence that Dr. Cullinan actually drew the inference that Awalt was having seizures at Grundy County Jail or not receiving the medication as ordered by Dr. Cullinan a directed verdict is warranted. *See Belbachir v. County of McHenry*, 726 F.3d 975, 983 (7th Cir.

2013) (affirming summary judgment dismissal of nurse manager who treated inmate for panic attacks and anxiety, but was never told that inmate was suicidal).

18. Further, Plaintiff failed to produce evidence of causation against Dr. Cullinan, further warranting a Judgment as a matter of law in his favor. *See Belbachir v. County of McHenry*, 726 F.3d 975,983 (7th Cir. 2013) (noting causation is an "elementary requirement of liability.")

19. Plaintiff introduced testimony as to what she claims Dr. Cullinan should have done in regards to the care of Awalt. However, Plaintiff provided no evidence that any of this treatment would have saved Awalt's life or prevented his alleged constitutional injury. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (finding policy claim failed where plaintiff presented no evidence that obtaining detainee's medical records would have saved her life); *Belbachir v. County of McHenry*, 726 F.3d 975, 983 (7th Cir. 2013) ("[E]ven if the sheriff was culpable for failing to discover and correct the [training and policy] deficiencies argued by the plaintiff, there is no evidence that correcting them before [the detainee] arrived at the jail would have prevented her suicide. Once again a causal relation between fault and injury is missing.").

20. Therefore, not only did Plaintiff not produce any evidence that Dr. Cullinan knew Awalt was suffering from seizures or that Awalt was allegedly not receiving his anti-seizure medication as prescribed, but after being critical of Dr. Cullinan's actions, Plaintiff still failed to provide any evidence that Dr. Cullinan's conduct had a causal relation to Awalt's alleged injury.

21. For the reasons outlined in Defendant's Motion for Judgment as a Matter of Law and Motion to Reconsider pursuant to Fed. R. Civ. Pro. 50(a)(1) and further outlined above, Defendant's Renewed Motion for Judgment as a Matter of Law should be granted, disposing of the remaining allegations against Dr. Cullinan.

      WHEREFORE, Defendant, STEPHEN CULLINAN, M.D., respectfully requests that this Court enter judgment in his favor as a matter of law pursuant to Rule 50(b), and for any other relief this Court deems fair and just.

                                    CORRECTIONAL HEALTHCARE COMPANIES, INC.,
                                        HEALTH PROFESSIONALS, LTD., STEPHEN
                                                    CULLINAN, M.D.

                                                BY:    /s/ Scott G. Salemi
                                                HEYL, ROYSTER, VOELKER & ALLEN
                                                      Scott G. Salemi
                                                      ARDC #: 6209932

HEYL, ROYSTER, VOELKER & ALLEN
Second Floor, PNC Bank Building
120 West State Street
P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone    815.963.4454
Facsimile     815.963.0399

10209-T1169
SGS/KAK

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all attorneys to the above cause via the CM/ECF System on the <u>27</u> day of August, <u>2015</u>.

TO:

***Attorneys for Plaintiff***
Arthur R. Loevy – loevylaw@loevy.com
Jonathan I. Loevy – jon@loevy.com
Steven Edwards Art - steve@loevy.com
Elizabeth Wang – elizabethw@loevy.com
Cindy Tsai - cindy@loevy.com
Anand Swaminathan – anand@loevy.com
Michael Kanovitz – mike@loevy.com
Sarah Copeland Grady – sarah@loevy.com
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900


　　　　　　　　　　　　　　　　　　　_____/s/ Scott G. Salemi\_\_\_
　　　　　　　　　　　　　　　　　　　　　　Scott G. Salemi

28534521\_1